UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

v.

        Case No. 20-cr-20301
        Hon. Mark A. Goldsmith

PATRICK JOHNSON,

        Defendant.
_____/

**OPINION & ORDER
GRANTING DEFENDANT'S MOTION TO SEVER TRIALS (Dkt. 20)**

This matter is before the Court on Defendant Patrick Johnson's motion to sever (Dkt. 20), in which he argues that he should be tried separately from his co-defendant Marcus McBride, Jr. The Government filed a response (Dkt. 27), and McBride filed a reply brief (Dkt. 28). For the reasons discussed below, the Court grants Johnson's motion and orders that the counts be severed such that Johnson and McBride are tried jointly on Count I and McBride is tried separately on Counts II through VI.[1]

## I. BACKGROUND

Count I of the indictment charges Johnson and McBride with possession of a controlled substance with intent to distribute, stemming from their arrest on February 11, 2020 for possession of large quantities of oxycodone pills and fentanyl. Indictment (Dkt. 1). Counts II through VI of the indictment are unrelated to Johnson and charge only McBride with multiple offenses related to his alleged robbery of oxycodone pills from a pharmacy on June 10, 2020. Id.

---

[1] Because oral argument will not aid the Court's decisional process, these three motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

1

Johnson seeks to be tried separately from McBride, arguing that severance is necessary under Federal Rule of Criminal Procedure 8(b) because he was improperly joined as to Counts II through VI, and under Rule 14(a) because he would be prejudiced by a joint trial involving charges unrelated to him.  Mot. at 2-3, 5.  The Government agrees that severance is proper but contends that Count I should be severed from Counts II through VI—rather than Johnson's trial being severed from McBride's.  Resp. at 5-6.  McBride objects to severing Count I from Counts II through VI on the ground that he would be required to stand trial twice.  Reply at 1.

## II.     DISCUSSION

Joinder of multiple defendants in a single indictment is permitted under Federal Rule of Criminal Procedure 8(b) if those defendants are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  While Rule 8(b) is generally construed in favor of joinder, failure to meet the requirements of the rule constitutes "misjoinder as a matter of law."  United States v. Hatcher, 680 F.2d 438, 440 (6th Cir. 1982)).  Whether joinder is proper under Rule 8(b) is determined by reference to the allegations on the face of the indictment.  United States v. Frost, 125 F.3d 346, 389 (6th Cir. 1997).

The Sixth Circuit has held that "[t]he joinder of multiple defendants is proper under Rule 8(b) only if each of the counts of the indictment arises out of the same act or transaction or series of acts or transactions, even if all counts of the indictment include a common defendant."  Hatcher, 680 F.2d at 441.  Thus, in a case where two defendants, Manetas and Hatcher, were jointly charged with possession and distribution of heroin but only Hatcher was charged with possession and distribution of cocaine, the Sixth Circuit held that joinder of the cocaine charges constituted reversible error.  Id. at 442.  Since there was no connection between Manetas and any transactions

related to the cocaine charges, the court reasoned that the presentation of evidence regarding those charges posed a risk of prejudice and confusion. Id.

The Government agrees that Hatcher is analogous to the facts of this case and that, given the potential risks of prejudice to Johnson, severance is warranted. Resp. at 5-6. However, the Government maintains that in the interests of trial convenience and judicial efficiency, the Court should sever Count I from Counts II through VI, rather than sever Johnson's trial from McBride's. Id. The Court agrees. There is no dispute that Johnson and McBride are properly joined with respect to Count I, as they are alleged to have participated in the same transaction giving rise to that offense. Nor does Johnson contend that he would be prejudiced by being jointly tried with McBride as to Count I.

Rule 8(b) is designed to promote economy, efficiency, and convenience, as well as avoid a "multiplicity of trials" and the "scandal and inequity of inconsistent verdicts." Zafiro v. United States, 506 U.S. 534, 537, 540 (1993). Here, holding two trials is unavoidable—it is the manner in which to sever that the Court must decide. If the Court severs the counts such that Johnson and McBride are tried jointly on Count I and McBride is tried separately on Counts II through VI, McBride would stand trial twice. However, those trials would involve independent offenses and the presentation of entirely different evidence. If the Court severed Johnson's trial from McBride's trial, each defendant would only stand trial only once but Count I would be tried twice. This would require the Government to present the same evidence twice, including testimony from out-of-state witnesses who would be forced to travel from Alabama to Michigan twice. Resp. at 6-7.

In light of these considerations, the Court finds that severing Count I from Counts II through VI would best serve the interests of convenience and judicial economy. While there is some burden to McBride having to undergo two trials, a court can properly give greater weight to

3

the inconvenience of witnesses who would have to endure out-of-state travel and attend two trials. Though McBride strenuously objects to being tried twice in this manner, he has cited no authority rejecting or criticizing this approach.

### III. CONCLUSION

For the reasons stated above, the Court grants Johnson's motion to sever (Dkt. 20) and orders that the counts be severed such that Johnson and McBride are tried jointly on Count I and McBride is tried separately on Counts II through VI.

SO ORDERED.

Dated: January 14, 2021　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge